IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUFUS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-586-SLR |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of September, 2011, having considered defendant's

motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 46) is denied for the reasons that follow:

1. The purpose of a motion for reconsideration is to "correct manifest errors of

law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-*

*Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter

or amend its judgment if the movant demonstrates at least one of the following: (1) a

change in the controlling law; (2) availability of new evidence not available when

summary judgment was granted; or (3) a need to correct a clear error of law or fact or to

prevent manifest injustice. *See id.*

2. Defendant asserts reconsideration is appropriate because the court's August

16, 2010, memorandum opinion and order: (1) contained an error of fact; and (2)

misapplied precedent to undisputed facts. (D.I. 47) Plaintiff opposes the motion. (D.I.

50)

3. With regard to the alleged error of fact, defendant points to an incomplete portion of the court's opinion.[1]  (D.I. 47 at 8)  The complete reference is as follows:

> Plaintiff has put forth sufficient evidence so that a reasonable trier of fact could find that the harassment he suffered was based on his race.  Although no specific evidence of racism is of record, e.g., name calling, Amtrak's failure to investigate plaintiff's complaint's of harassment is the type of subtle discrimination which is considered to be within the scope of Title VII.  "The employer's responsibility is to provide its employees with nondiscriminatory working conditions.  The genesis of inequality matters not; what does matter is how the employer handles the problem."  Considering the outrageous nature of the incidents of record, including finding fecal matter on his desk and having to re-route his computer to avoid accessing "blackpeoplemeet.com," a genuine issue of material fact exists as to whether [defendant] should have been more aggressive in attempting to remedy the harassment due to the potential that the acts of vandalism were racially motivated.

(D.I. 47 at 15) (citations omitted)

4. This conclusion is reached  following a chronological account of  pertinent events, beginning in 1993 (when plaintiff commenced working for defendant) and concluding in 2007 (when the Equal Employment Opportunity Commission issued a Notice of Right to Sue).  (*Id.* at 1-8)  Reconsideration on this conclusion is unwarranted. A reasonable jury could find, considering the entire record, that the incidents in issue were motivated by plaintiff's race.  *See, e.g., Abramson v. William Patterson College of*

---

[1]Defendant references the specific sentence as:  "[c]onsidering the outrageous nature of the incidents of record, including finding fecal matter on is desk and having to re-route his computer to avoid accessing "blackpeoplemeet.com" . . . "  (D.I. 47 at 8) Although defendant avers that plaintiff did not make this claim and contends that there is no evidence to support it, the rerouting is referenced in defendant's listing of "undisputed facts."  (*Id.* at 5) Ostensibly, defendant is arguing that the two months lapse between the rerouting and when plaintiff logged on the computer to find the web browser directing him to "www.blackpeoplemeet.com" does not demonstrate an "outrageous incident of harassment."  (*Id.* at 6)

*New Jersey*, 260 F.3d 265, 276-280 (3d Cir. 2001); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1483-1485 (3d Cir. 1990).

    5. With respect to defendant's objection to the legal analysis, the court finds that defendant has failed to demonstrate any of the aforementioned grounds to warrant reconsideration.

    6. A telephone conference, initiated by plaintiff, is scheduled to commence on **Wednesday, September 28, 2011** at **8:30 a.m.** Counsel should be prepared to set a date for trial.

 

 

                                          United States District Judge